# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **SAMANTHA OLSCHANSKY**<br>8087 Majestic Oaks Trail<br>Broadview Heights, Ohio 44147<br><br>      Plaintiff,<br><br>      vs.<br><br>**IMEX, INC. d/b/a**<br>**KEVIN TRANGLE & ASSOCIATES**<br> c/o Kevin L. Trangle, M.D.<br>32049 Pine Tree Road<br>Pepper Pike, Ohio 44124<br><br>and<br><br>**KEVIN L. TRANGLE, M.D.,**<br>**INDIVIDUALLY**<br>32049 Pine Tree Road<br>Pepper Pike, Ohio 44124<br><br>      Defendants. | CASE NO.<br><br>JUDGE<br><br><br>**(JURY DEMAND**<br>**ENDORSED HEREON**) |

## COMPLAINT

Plaintiff, Samantha Olschansky, hereby files her Complaint against Defendants, Imex, Inc. d/b/a Kevin Trangle & Associates and Kevin L. Trangle, M.D., and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Samantha Olschansky is an individual residing in Broadview Heights, Ohio. At all times relevant, Ms. Olschansky was an employee under 29 U.S.C. § 203(e) and R.C. § 4112.01.

2. Defendant Imex, Inc. d/b/a Kevin Trangle & Associates ("KTA") is an Ohio corporation with its principal place of business in Mayfield Heights, Ohio. KTA is a healthcare-

consulting business and an employer under 29 U.S.C. § 203(d) and R.C. § 4112.01.

3. Defendant Kevin L. Trangle, M.D. is the President of KTA. Mr. Trangle acts directly and indirectly on behalf of KTA and is an employer under 29 U.S.C. § 203(d) and R.C. § 4112.01. At all relevant times, Dr. Trangle participated in or directed the conduct described herein.

4. This Court has original jurisdiction over Count I under 28 U.S.C. § 1331 because the claim arises under the FLSA, 29 U.S.C. § 215(a)(3).

5. This Court has supplemental jurisdiction over Count II under 28 U.S.C. § 1367 because the state law claim is so related to the federal claim in Count I that it forms part of the same case or controversy.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the parties reside in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## BACKGROUND FACTS

7. Ms. Olschansky began her employment with KTA as a Controller in September 2017. As a Controller, Ms. Olschansky was responsible for the bookkeeping, creating invoices, printing checks for payables, preparing financial reports, submitting payroll, and aiding the outside CPA, among other tasks.

8. KTA hired Ms. Olschansky as a part-time salaried employee and restricted her pay to a 20-hours per week.

9. Ms. Olschansky successfully performed her position and received positive feedback for her performance.

10. On February 4, 2019, however, Ms. Olschansky informed Dr. Trangle that she was pregnant and intended to take maternity leave following the birth of her child.

11. Almost immediately, Dr. Trangle changed his attitude and demeanor towards her. On her next workday, February 6, 2019, Dr. Trangle threatened to cut Ms. Olschansky's hours in half, claiming that he wanted to save money. Ms. Olschansky advised Dr. Trangle that she did not want her hours cut and stated that she would look for another job, to which Dr. Trangle replied, "Don't be hasty."

12. Additionally, Dr. Trangle began requesting assurances of Ms. Olschansky's availability postpartum and made comments to imply that her childbirth would spur additional childbirths, causing her to work less hours at KTA and spend more time at home.

13. Despite Dr. Trangle's inappropriate comments, Ms. Olschansky made it clear that she expected her employment with KTA to continue after her maternity leave and that she planned to resume working her regular hours.

14. Ms. Olschansky began her maternity leave on July 15, 2019.

15. While on maternity leave, Dr. Trangle ordered Ms. Olschansky to perform eight hours of work to assist a new hire at KTA transition to a bookkeeping role.

16. Ms. Olschansky completed the assignment, but Defendants refused to compensate her for this work. As a result, Ms. Olschansky complained to Julie Intihar about Defendants' failure to pay her wages. This angered Dr. Trangle, causing him to tell Ms. Olschansky that he thought she should be "working for free" while on maternity leave.

17. Shortly thereafter on September 12, 2019, while Ms. Olschansky was still on maternity leave, Dr. Trangle directed the Chief Operating Officer of KTA at the time, Sherrie Bearden, to inform Ms. Olschansky that her position was being eliminated as part of an alleged "business reorganization." In place of her previous role, Ms. Bearden offered Ms. Olschansky a "Fractional Financial Consultant" position, which was only available on an as-needed basis. This

decision was tantamount to Defendants terminating Ms. Olschansky's employment.

18. Defendants did not terminate the employment of any of Ms. Olschansky's similarly situated colleagues who were male, not pregnant, and had not exercised their right to take maternity leave. There was no business or legal justification to terminate Ms. Olschansky and any belated attempt by Defendants to justify her termination is simply pretextual.

### COUNT I
### (Retaliation—29 U.S.C. § 215(a)(3))

19. Ms. Olschansky incorporates by reference all allegations set forth in the preceding paragraphs as if fully rewritten herein.

20. Ms. Olschansky engaged in protected activity under 29 U.S.C. § 215(a)(3) when she complained to Ms. Intihar about Defendants' failure to pay her wages for work done while on maternity leave.

21. Defendants were aware of this protected activity.

22. Defendants subjected Ms. Olschansky to an adverse employment action when they terminated her employment.

23. Defendants retaliated against Ms. Olschansky by, among other things, terminating her employment because she engaged in protected activity.

24. As a direct and proximate result of Defendants' retaliation, Ms. Olschansky has incurred damages, including, but not limited to, lost wages, benefits, and other compensation, liquidated damages, and emotional distress.

### COUNT II
### (Pregnancy Discrimination—R.C. § 4112.02)

25. Ms. Olschansky incorporates by reference all allegations set forth in the preceding paragraphs as if fully rewritten herein.

26. Ms. Olschansky was qualified for her position as a Controller at KTA.

27. Defendants subjected Ms. Olschansky to an adverse employment action when they terminated her employment.

28. Ms. Olschansky's pregnancy, including her need for leave due to her pregnancy and the birth of her child, was a motivating factor in Defendants' decision to terminate her employment.

29. As a direct and proximate result of Defendants' discrimination, Ms. Olschansky has incurred damages, including, but not limited to, lost wages, benefits, and other compensation, and emotional distress.

30. Defendants acted with malice and with a conscious disregard for the rights of Ms. Olschansky.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Samantha Olschansky demands judgment against Defendants KTA and Dr. Trangle, jointly and severally, as follows:

1. An award of back pay in the amount she would have earned from the date of her wrongful termination until the date of judgment, including wages, benefits, and pre-judgment interest;

2. An equal amount in liquidated damages;

3. Reinstatement, or if reinstatement is not deemed appropriate, an award of front pay equal to the amount she would have earned from the date of judgment forward;

4. An award of compensatory damages to compensate Ms. Olschansky for the emotional distress and other damages she has suffered as a result of Defendants' wrongful actions;

5. An award of punitive damages;

6. An award of attorneys' fees and costs; and

7. An award of all other legal and equitable relief to which she may be entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable herein.

                                      Respectfully submitted,

                                      /s/ Matthew A. Dooley
                                      Matthew A. Dooley (0081482)
                                      Michael R. Briach (0097986)
                                      **O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA CO., LPA**
                                      5455 Detroit Road
                                      Sheffield Village, Ohio 44054
                                      Telephone:   (440) 930-4001
                                      Facsimile:    (440) 934-7208
                                      Email:         mdooley@omdplaw.com
                                                          mbriach@omdplaw.com
                                      *Counsel for Plaintiff Samantha Olschansky*